## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEMORAT GAREEM BEY, | : | Civil No. 1:14-CV-3 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| UNITED STATES POSTAL SERVICE, | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### I.    Statement of the Case

The background of this case is as follows:

The plaintiff, who is proceeding *pro se*, commenced this action by filing a praecipe for a summons in the Court of Common Pleas of Dauphin County on December 5, 2013.  This praecipe for summons is not a complaint, and contained no factual averments, or intelligible claims.  Rather, it simply identified the party that Bey intended to sue, naming the United States Postal Service as the defendant, and demanding payment of $54,004.14.  (Doc.1)[1]

---

[1]It should be noted that in Pennsylvania, a plaintiff can begin a lawsuit by either filing a complaint or a praecipe for a writ of summons.  See Pa. R.C.P. 1007. In the latter situation, the defendant can compel the plaintiff to file a complaint by filing a praecipe with the prothonotary pursuant to Pa. R.C.P. 1037(a).

The United States has now removed this case to federal court, (Doc. 1), and filed a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. (Docs. 2 and 3)  Bey responded to this motion by filing an amended "declaration" which states that Bey is a freemen and a free inhabitant of Dauphin County; alleges that the IRS executed a Notice of Levy in 2004 and seized $54,004.14; and asserts that this nine year old levy was improper because Bey "was not and never involved in cotton and distilled spirits." (Doc. 6)  Notably lacking from this "declaration" was anything linking the sole named defendant, the United States Postal Service, in any culpable fashion to this alleged conduct.  (Id.)

Because we find this response to be inadequate to state a claim upon which relief may be granted, for the reasons set forth below, the motion for more definite statement (Doc. 2), will be granted, and the plaintiff will be directed to file a proper complaint.

## II.    Discussion

Unlike state practice, which permits the initiation of a lawsuit through the mere filing of a praecipe, federal practice requires more and demands that a plaintiff set forth the allegations he may have against others in a complaint.  In assessing the adequacy of complaint, the Supreme Court has advised trial courts that they must:

2

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth. While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations. When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated when assessing the adequacy of a complaint:

> District courts should conduct a two-part analysis. First, the factual and
> legal elements of a claim should be separated. The District Court must
> accept all of the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions. Second, a District Court must then
> determine whether the facts alleged in the complaint are sufficient to
> show that the plaintiff has a "plausible claim for relief." In other words,
> a complaint must do more than allege the plaintiff's entitlement to relief.
> A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

3

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Thus, it is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007).

In a case such as this, where a plaintiff has not yet stated any articulable claims against the defendants he names in a lawsuit, the vehicle for gaining an understanding of the plaintiff's claims is a motion for more definite statement, made under Rule 12(e) of the Federal Rules of Civil Procedure. Rule 12(e) provides in part that: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."  Fed. R. Civ. P. 12(e).

Here the defendants have requested that the Court order the plaintiff to make a more definite statement of his claims against these defendants, and we find that this case aptly:

> highlight[s] the particular usefulness of the Rule 12(e) motion for a more definite statement. Under Rule 12(e), a defendant may move for a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e).  The Rule 12(e) "motion shall point out the defects complained of and the details desired." Id.  When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense. . . . . The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief.

Thomas v. Independence Tp., 463 F.3d 285, 301 (3d Cir. 2006)

Indeed, this case cries out for a more definite statement of the plaintiff's claims. The plaintiff's pleadings are "so vague or ambiguous that the [defendant] cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  In fact, the plaintiff still has

not alleged any facts, or asserted any legal claims against the defendant.  Instead, the plaintiff has merely identified these parties as putative defendants without any explanation of the legal or factual bases for his complaint.

The time has now come for the plaintiff to move beyond labels and assert facts which articulate a legal claim.  Accordingly, the defendant's motion for a more definite statement will be granted, and the plaintiff is ordered as follows:

### III.   Conclusion and Order

Accordingly, for the foregoing reasons, IT IS ORDERED as follows:

1.   The defendant's Motion for More Definite Statement (Doc. 3), is GRANTED.

2.   On or before **March 3, 2014**, the plaintiff shall file a complaint in this case, and serve this complaint upon the defendant.

3.   The plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct." Fed. R. Civ. P. 8(e)(1).

4.   This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already

filed.  <u>Young v. Keohane</u>, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs.  It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought.  Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

5.      The Court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.  The Court also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* his complaint may also be subject to a screening review by the Court to determine its legal sufficiency.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED, this 11th day of February, 2014.

<u>***S/Martin C. Carlson***</u>
Martin C. Carlson
United States Magistrate Judge